**EXHIBIT A**

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION ☒ CIVIL ☐ DISTRICTS ☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | CASE NUMBER 08-75180-CA-15 |
|---|---|---|

| PLAINTIFF(S) CITY OF MIAMI | VS.  DEFENDANT(S) THE BURLINGTON INSURANCE COMPANY | SERVICE REC'D SERVED DATE TIME P.S. |
|---|---|---|

(PRINT/SIGN NAME)

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

CERTIFIED IN THE CIRCUIT

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this COUNTY/COURT #_____

action on defendant(s): The Burlington Insurance Company, 238 International Road, Burlington,

North Carolina 27215

MUST PROVIDE FOLLOWING INFORMATION

M/F: _____ RACE: _____ WEIGHT: _____

AGE: _____ HEIGHT: _____ HAIR: _____

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: Richard S. Oiruba

whose address is: 444 S.W. 2nd Avenue, Suite 945, Miami, Florida  33130

within 20 days * **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK OF COURTS | BY: _____ DEPUTY CLERK | MAR 1 6 2015 DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

CLK/CT. 314 Rev. 01/11                                    Clerk's web address: www.miami-dadeclerk.com

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |

| DIVISION ☒ CIVIL ☐ DISTRICTS ☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | CASE NUMBER 08-75180-CA-15 |
|---|---|---|

| PLAINTIFF(S) CITY OF MIAMI | VS.  DEFENDANT(S) THE BURLINGTON INSURANCE COMPANY | SERVICE DATE _____  TIME ____ INITIAL _____ BADGE# _____ |
|---|---|---|

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s): The Burlington Insurance Company, 238 International Road, Burlington, North Carolina  27215

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Richard S. Olruba

whose address is: 444 S.W. 2nd Avenue, Suite 945, Miami, Florida  33130

within 20 days " <u>Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.</u>" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN CLERK OF COURTS | BY: _____ TAYLOR COBB  DEPUTY CLERK | MAR 1 6 2018  DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☒ CIVIL ☐ DISTRICTS ☐ FAMILY ☐ OTHER | **CIVIL COVER SHEET** | **CASE NUMBER** 08-75180-CA-15 |
| **PLAINTIFF** CITY OF MIAMI | **VS. DEFENDANT** THE BURLINGTON INSURANCE COMPANY | **CLOCK IN** |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☐ Negligence - Other
   ☐ 097 - Business Governance
   ☐ 098 - Business Torts
   ☐ 099 - Environmental/Toxin Tort
   ☐ 100 - Third Party Indemnification
   ☐ 101 - Construction Defect
   ☐ 102 - Mass Tort
   ☐ 103 - Negligent Security
   ☐ 104 - Nursing Home Negligence
   ☐ 105 - Premises Liability - Commercial
   ☐ 106 - Premises Liability - Residential
   ☐ 107 - Negligence - Other
☐ Real Property/Mortgage Foreclosure
   ☐ 108 - Commercial Foreclosure $0 - $50,000
   ☐ 109 - Commercial Foreclosure $50,001 - $249,999
   ☐ 110 - Commercial Foreclosure $250,000 - or more
   ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
   ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
   ☐ 113 - Homestead Residential Foreclosure $250,000 or more
   ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
   ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
   ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
   ☐ 117 - Other Real Property Actions $0 - $50,000
   ☐ 118 - Other Real Property Actions $50,001 - $249,999

   ☐ 119 - Other Real Property Actions $250,000 or more
☐ Professional Malpractice
   ☐ 094 - Malpractice - Business
   ☐ 095 - Malpractice - Medical
   ☐ 096 - Malpractice - Other professional
☐ Other
   ☐ 120 - Antitrust/Trade Regulation
   ☐ 121 - Business Transactions
   ☐ 122 - Constitutional Challenge - Statute or Ordinance
   ☐ 123 - Constitutional Challenge - Proposed amendment
   ☐ 124 - Corporate Trust
   ☐ 125 - Discrimination - Employment or Other
   ☐ 126 - Insurance Claims
   ☐ 127 - Intellectual Property
   ☐ 128 - Libel/Slander
   ☐ 129 - Shareholder Derivative Action
   ☐ 130 - Securities Litigation
   ☐ 131 - Trade Secrets
   ☐ 132 - Trust Litigation
☒ 133 - Other Civil Complaint
   ☐ 009 - Bond Estreature
   ☐ 014 - Replevin
   ☐ 024 - Witness Protection
   ☒ 080 - Declaratory Judgment
   ☐ 081 - Injunctive Relief
   ☐ 082 - Equitable Relief
   ☐ 083 - Construction Lien
   ☐ 084 - Petition for Adversary Preliminary Hearing
   ☐ 085 - Civil Forfeiture
   ☐ 086 - Voluntary Binding Arbitration
   ☐ 087 - Personal Injury Protection (PIP)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

REMEDIES SOUGHT (check all that apply):

☐    monetary;

☒    non-monetary declaratory or injunctive relief;

☐    punitive

NUMBER OF CAUSES OF ACTION: [ 3 ]

(specify) (1) Breach of Contract/Declaratory Judgment Against Burlington (2) Common Law Bad Faith

(3) Statutory Bad Faith Against Burlington

IS THIS CASE A CLASS ACTION LAWSUIT?

☐  Yes

☒  No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☒  No

☐  Yes    If "Yes", list all related cases by name, case number, and court.

_____

_____

_____

IS JURY TRIAL DEMANDED IN COMPLAINT?

☒  Yes

☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____    Florida Bar # ____0827290____

　　　　　　　Attorney or party　　　　　　　　　　　　　　　　(Bar # if attorney)

Richard S. Olruba                                          March 12, 2015

(type or print name)                                        Date

Filing # 24815523 E-Filed 03/12/2015 03:12:37 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

CASE NO.: 08-75180-CA-15

ARAID ROSA RIVAFLECHA,

    Plaintiff(s),

vs.

CITY OF MIAMI, FLORIDA
DEPARTMENT OF TRANSPORTATION,
MIAMI-DADE COUNTY, THE RELATED
GROUP OF FLORIDA, BRICKELL BAY
CENTER, LLC, and DUARTE & FONTE
CONSTRUCTION, INC.

    Defendant(s).

_____/

CITY OF MIAMI,

    Third Party Plaintiff,

vs.

THE BURLINGTON INSURANCE
COMPANY, a foreign corporation,

    Third Party Defendant,

_____/

**CITY OF MIAMI'S THIRD PARTY
COMPLAINT FOR BREACH OF
CONTRACT, DECLARATORY
JUDGMENT AND BAD FAITH**

    The Third Party Plaintiff, the CITY OF MIAMI (the "CITY"), files this Third Party

Complaint against the Third Party Defendant, THE BURLINGTON INSURANCE COMPANY

(hereinafter "BURLINGTON"), and alleges as follows:

    1.    Third Party Plaintiff, CITY, is a municipal corporation and political subdivision

of the State of Florida and is sui juris.

2. The Third Party Defendant, BURLINGTON, is a North Carolina corporation, authorized to do and doing business in Miami, Miami-Dade County, Florida, and was and is, at all times material, sui juris.

3. The Plaintiff, ARAID ROSA RIVAFLECHA (hereinafter "RIVAFLECHA"), initiated this action by the filing of a Complaint (Second Amended Complaint attached hereto as Exhibit "A") against the CITY, alleging personal injuries resulting from a fall at or near Brickell Bay Drive and 8th Street in Miami, Miami-Dade County Florida on February 16, 2006.

4. Prior to the date of RIVAFLECHA's alleged fall, BURLINGTON's insured, Defendant, DUARTE & FONTE CONSTRUCTION, INC. ("DUARTE") was engaged in work on the right-of-way at or near the location of the accident alleged in the complaint.

5. As part of the consideration for the project, DUARTE agreed to maintain public liability insurance, which named the CITY as an additional insured, for commercial general liability, including bodily injury. The CITY is named as an additional insured pursuant to THE BURLINGTON INSURANCE COMPANY Policy No.503B005352.

6. Shortly after being served with process by RIVAFLECHA, the CITY tendered its defense to BURLINGTON, who is DUARTE's and the CITY's liability insurer pursuant to the insurance requirements of said work project.

7. Although more than sixty (60) days have passed since the tender of defense, BURLINGTON has neither accepted nor denied liability and has failed to assure the defense of the CITY as is required by the aforesaid policy of insurance.

8. Pursuant to Section 624.155(2)(a), Fla. Stat., the CITY has given written notice of violation to the Department of Insurance and BURLINGTON, on the form provided by the Department of Insurance. (Attached hereto as Exhibit "B".)

9.     The City hereby adopts the jurisdictional allegations of RIVAFLECHA's Complaint.

## COUNT I
## BREACH OF CONTRACT/DECLARATORY JUDGMENT AGAINST BURLINGTON

Third Party Plaintiff, CITY, reavers and realleges paragraphs 1 through 9, as if fully set forth herein.

10.     Third Party Plaintiff, CITY, files this action for breach of contract/declaratory relief pursuant to Chapter 86 of the Florida Statutes.

11.     Third Party Defendant, BURLINGTON, issued a liability insurance policy effective and in force and effect during the relevant time period covering DUARTE and naming the CITY as an additional insured.

12.     BURLINGTON's insurance policy covers DUARTE and the CITY from the events, occurrences and alleged claims in RIVAFLECHA's Second Amended Complaint.

13.     The CITY promptly notified BURLINGTON of the claim made by RIVAFLECHA and otherwise complied with all terms and conditions, and conditions precedent, contained in the subject insurance policy.

14.     Third Party Defendant, BURLINGTON, has failed to assume the defense of the CITY over the claim presented by the Plaintiff, RIVAFLECHA, although proper demand has been made to do so.

15.     Third Party Plaintiff, CITY, is entitled to declaratory relief under Chapter 86 of the Florida Statutes in that:

        a. There is a bona fide, actual, present and practical need for a declaration;

b.  The declaration would deal with a present, ascertained or ascertainable state of facts or present controversy as to the state of facts;

c.  The rights of the CITY are dependent on the facts or the law applicable to the facts;

d.  The parties have an actual, present, adverse and antagonistic interest in the subject matter of both fact and law;

e.  The parties are before the Court by proper process; and

f.  The relief sought is not merely the giving of legal advice by the Court but is relief from the actual question pending before this Court.

16.  The CITY has had to provide for its own defense in order to protect its rights against RIVAFLECHA's claim and to file this Third Party Complaint, thus incurring costs and attorney's fees for these purposes.

WHEREFORE, Third Party Plaintiff, CITY, prays for a declaration that Third Party Defendant, THE BURLINGTON INSURANCE COMPANY, be required to provide coverage, indemnity and a defense to the CITY for RIVAFLECHA's claim, damages for breach of contract, and a judgment for attorney's fees and costs to defend both the underlying suit and prosecute this action.

## COUNT II
## COMMON LAW BAD FAITH

Third Party Plaintiff, CITY, reavers and realleges paragraphs 1 through 16, as if fully set forth herein.

17.  Third Party Defendant, BURLINGTON, in improperly withholding its defense of the CITY and in refusing to indemnify its named insured (the CITY), has breached the covenant of good faith and fair dealing implied in the contract of insurance.

Doc. No.: 520565

18.    As a proximate result of said breach, the CITY has sustained damages and is entitled to an award of punitive damages to discourage such action in the future.

WHEREFORE, Third Party Plaintiff, CITY, demands compensatory damages according to proof, punitive damages, costs, attorney's fees, and any other relief as the Court may deem proper.

## COUNT III
## STATUTORY BAD FAITH AGAINST BURLINGTON

Third Party Plaintiff, CITY, reavers and realleges paragraphs 1 through 18, as if fully set forth herein.

19.    Third Party Defendant, BURLINGTON, in improperly withholding its defense of the CITY after demand and after thirty (30) days, and in refusing to indemnify its insured (the CITY) after thirty (30) days, has breached its statutory obligations under section 624.155, Fla. Stat.

20.    All statutory conditions precedent to maintaining this action has been satisfied.

21.    The acts giving rise to this violation occur with such frequency as to indicate a general business practice and these acts are:

    a.    willful, wanton and malicious; or

    b.    in reckless disregard for the rights of the CITY.

22.    As a proximate result of said breach, the CITY has sustained damages.

WHEREFORE, Third Party Plaintiff, CITY, demands compensatory and punitive damages from THE BURLINGTON INSURANCE COMPANY, in addition to an award of attorney's fees, costs, and any other relief as this Court may deem just and proper.

CITY OF MIAMI'S THIRD PARTY COMPLAINT
CASE NO.: 08-75180-CA-15

## DEMAND FOR JURY TRIAL

The CITY OF MIAMI demands a trial by jury on all matters and issues so triable as a

matter of right as to all claims.

Respectfully submitted,

VICTORIA MÉNDEZ, City Attorney
RICHARD S. OTRUBA, Assistant City Attorney
Attorney for CITY OF MIAMI
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary E-mail: rsotruba@miamigov.com
Secondary E-mail: tmickens@miamigov.com


By: /s/ Richard S. Otruba
Richard S. Otruba, Assistant City Attorney
Florida Bar No. 0827290

Doc. No.: 520565

CITY OF MIAMI'S THIRD PARTY COMPLAINT
CASE NO.: 08-75180-CA-15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to those individuals on the attached Service List by e-mail generated by My Florida Courts E-Filing Portal this 12th day of March, 2015.

By: /s/ Richard S. Otruba
      Richard S. Otruba, Assistant City Attorney
      Florida Bar No. 0827290

## SERVICE LIST

Mark Allen Egner, Esq.
Mark Allen Egner, P.A.
16211 N.E. 18th Avenue
Suite 200
North Miami Beach, Florida 33162
E-mail: lawinfofl@me.com
Attorney for the Plaintiff, ARAID ROSA RIVAFLECHA

Eric Knuth, Esq.
Vernis & Bowling of Miami, P.A.
1680 N.E. 135th Street
North Miami, Florida 33181
E-mail: eknuth@florida-law.com
Attorney for the Defendant, DUARTE & FONTE CONSTRUCTION, INC.

Dominick V. Tamarazzo, Esq.
Kelley, Kronenberg, Gilmartin, et al.
8201 Peters Road, Suite 4000
Ft. Lauderdale, Florida 33324
E-mail: dtamarazzo@kelleykronenberg.com
Attorney for the Defendant(s), THE RELATED GROUP OF FLORIDA and BRICKELL
                BAY CENTER, LLC

Doc. No.: 520565

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ARAID ROSA RIVAFLECHA,                    GENERAL JURISDICTION DIVISION

       Plaintiff,                          CASE NO.: 08-75180 CA 15

vs.

CITY OF MIAMI, a political subdivision of
the State of Florida, THE RELATED GROUP
OF FLORIDA, a Florida General Partnership,
BRICKELL BAY CENTER LLC, a foreign
Limited Liability Company, DUARTE & FONTE
CONSTRUCTION, INC., a Florida corporation,

       Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, ARAID ROSA RIVAFLECHA, ("Plaintiff") sues Defendants, CITY OF

MIAMI, THE RELATED GROUP OF FLORIDA, BRICKELL CITY CENTER LLC and

DUARTE & FONTE CONSTRUCTION, INC., and alleges as follows:

1.     This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00)

and is within the jurisdictional limits of this Court.

2.     At all times material hereto, Plaintiff, ARAID ROSA RIVAFLECHA was and is a

resident of Miami-Dade County, Florida who is over the age of 18, and is *sui juris* in all respects.

3.     At all times material hereto, Defendant, CITY OF MIAMI, was and is a political

subdivision of the State of Florida.

4.     At all times material hereto, Defendant, THE RELATED GROUP OF FLORIDA,

was and is a Florida General Partnership, licensed to do business in Miami-Dade County,

Florida.

5.     At all times material hereto, Defendant, BRICKELL CITY CENTER LLC, was

**EXHIBIT A**

TOPKIN & EGNER, P.L.
1166 W. NEWPORT CENTER DR. SUITE 309 • DEERFIELD BEACH, FL 33442
TELEPHONE (954)-422-8422 • FAX (954)-422-5455

and is a foreign Limited Liability Company, licensed to do business in Miami-Dade County, Florida.

6.     At all times material hereto, Defendant, DUARTE & FONTE CONSTRUCTION, INC., was and is a Florida corporation, licensed to do business in Miami-Dade County, Florida.

7.     Venue is proper in Miami-Dade County as it is the site of the accident which is the subject of this Complaint.

8.     All conditions precedent to the institution of this action, including but not limited to notice as required under Florida Statute §768.28, have been complied with, been excused or waived. Statutory Notice Letters and Denial Letters from Defendants are attached hereto as Plaintiff's Composite Exhibit "A".

9.     On or about February 16, 2006, one or all of the Defendants named herein, were responsible for the maintenance of the pavement of Brickell Bay Drive and 8th Street, in Miami-Dade County, Florida.

10.     On February 16, 2006, Defendants so negligently maintained the roadway as to allow a dangerous condition to exist. As a result, Plaintiff tripped and fell over a poorly maintained roadway. The dangerous condition existed for a sufficient period of time wherein Defendants were on actual or constructive notice of its existence.

<u>COUNT I -</u>
<u>NEGLIGENCE OF CITY OF MIAMI</u>

Plaintiff hereby readopts and incorporates the allegations set forth in Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

11.     Defendant, CITY OF MIAMI, had a duty to maintain the roadways in a reasonably safe and proper condition for the general public and a class of people of which Plaintiff is a member.

RIVAFLECHA v. CITY OF MIAMI et al,

12.     Defendant, CITY OF MIAMI, by or through its agents, breached its duty owed to Plaintiff when she tripped and fell over a poorly maintained roadway due to the following acts and/or omissions:

       a.     Allowing a dangerous condition to exist;

       b.     Failing to maintain the premises so as to prevent dangerous conditions;

       c.     Failing to correct the dangerous conditions;

       d.     Failure to warn of the dangerous conditions;

13.     Defendant, as a direct and proximate result of its negligence, is liable to Plaintiff for all damages to which Plaintiff is entitled, including but not limited to: Bodily injury; Pain and suffering; Disability; Disfigurement; Mental anguish; Loss of capacity for the enjoyment of life; Expense of hospitalization, medical, and nursing care and treatment; Aggravation of a previously existing condition; Loss of earnings and loss of the ability to earn money in the future.

14.     Plaintiff's losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, ARAID ROSA RIVAFLECHA, demands judgment for damages against Defendant, CITY OF MIAMI, for damages and costs, pre-judgment interest where applicable, along with any further relief this Court deems just and proper.

## COUNT II -
## NEGLIGENCE OF THE RELATED GROUP OF FLORIDA

Plaintiff hereby readopts and incorporates the allegations set forth in Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

15.     Defendant, THE RELATED GROUP OF FLORIDA, had a duty to maintain the roadways in a reasonably safe and proper condition for the general public and a class of people of which Plaintiff is a member.

RIVAFLECHA v. CITY OF MIAMI et al.

16.   Defendant, THE RELATED GROUP OF FLORIDA, by or through its agents, breached its duty owed to Plaintiff when she tripped and fell over a poorly maintained roadway due to the following acts and/or omissions:

a.   Allowing a dangerous condition to exist;

b.   Failing to maintain the premises so as to prevent dangerous conditions;

c.   Failing to correct the dangerous conditions;

d.   Failure to warn of the dangerous conditions;

17.   Defendant, as a direct and proximate result of its negligence, is liable to Plaintiff for all damages to which Plaintiff is entitled, including but not limited to: Bodily injury; Pain and suffering; Disability; Disfigurement; Mental anguish; Loss of capacity for the enjoyment of life; Expense of hospitalization, medical, and nursing care and treatment; Aggravation of a previously existing condition; Loss of earnings and loss of the ability to earn money in the future.

18.   Plaintiff's losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, ARAID ROSA RIVAFLECHA, demands judgment for damages against Defendant, THE RELATED GROUP OF FLORIDA, for damages and costs, pre-judgment interest where applicable, along with any further relief this Court deems just and proper.

## COUNT III-
## NEGLIGENCE OF BRICKELL BAY CENTER LLC

Plaintiff hereby readopts and incorporates the allegations set forth in Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

19.   Defendant, BRICKELL BAY CENTER LLC, had a duty to maintain the roadways in a reasonably safe and proper condition for the general public and a class of people

RIVAFLECHA v. CITY OF MIAMI et al.

of which Plaintiff is a member.

20.     Defendant, BRICKELL BAY CENTER LLC, by or through its agents, breached its duty owed to Plaintiff when she tripped and fell over a poorly maintained roadway due to the following acts and/or omissions:

        a.     Allowing a dangerous condition to exist;

        b.     Failing to maintain the premises so as to prevent dangerous conditions;

        c.     Failing to correct the dangerous conditions;

        d.     Failure to warn of the dangerous conditions;

21.     Defendant, as a direct and proximate result of its negligence, is liable to Plaintiff for all damages to which Plaintiff is entitled, including but not limited to: Bodily injury; Pain and suffering; Disability; Disfigurement; Mental anguish; Loss of capacity for the enjoyment of life; Expense of hospitalization, medical, and nursing care and treatment; Aggravation of a previously existing condition; Loss of earnings and loss of the ability to earn money in the future.

22.     Plaintiff's losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, ARAID ROSA RIVAFLECHA, demands judgment for damages against Defendant, BRICKELL BAY CENTER LLC, for damages and costs, pre-judgment interest where applicable, along with any further relief this Court deems just and proper.

COUNT IV-
NEGLIGENCE OF DUARTE & FONTE CONSTRUCTION, INC.

Plaintiff hereby readopts and incorporates the allegations set forth in Paragraphs 1 through 10 of the Complaint as if fully set forth herein.

23.     Defendant, DUARTE & FONTE CONSTRUCTION, INC. had a duty to maintain

5

TOPKIN & EGNER, P.L.
1166 W. NEWPORT CENTER DR., SUITE 309 · DEERFIELD BEACH, FL 33442
TELEPHONE (954)-422-8422 · FAX (954)-422-5455

RIVAFLECHA v. CITY OF MIAMI et al.

the roadways in a reasonably safe and proper condition for the general public and a class of people of which Plaintiff is a member.

24.     Defendant, DUARTE & FONTE CONSTRUCTION, INC., by or through its agents, breached its duty owed to Plaintiff when she tripped and fell over a poorly maintained roadway due to the following acts and/or omissions:

        a.      Allowing a dangerous condition to exist;

        b.      Failing to maintain the premises so as to prevent dangerous conditions;

        c.      Failing to correct the dangerous conditions;

        d.      Failure to warn of the dangerous conditions;

24.     Defendant, as a direct and proximate result of its negligence, is liable to Plaintiff for all damages to which Plaintiff is entitled, including but not limited to: Bodily injury; Pain and suffering; Disability; Disfigurement; Mental anguish; Loss of capacity for the enjoyment of life; Expense of hospitalization, medical, and nursing care and treatment; Aggravation of a previously existing condition; Loss of earnings and loss of the ability to earn money in the future.

25.     Plaintiff's losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, ARAID ROSA RIVAFLECHA, demands judgment for damages against Defendant, DUARTE & FONTE CONSTRUCTION, INC., for damages and costs, pre-judgment interest where applicable, along with any further relief this Court deems just and proper.

TOPKIN & EGNER, P.L.
1166 W. NEWPORT CENTER DR. SUITE 309 · DEERFIELD BEACH, FL 33442
TELEPHONE (954)-422-8422 · FAX (954)-422-5455

RIVAFLECHA v. CITY OF MIAMI et al.

## DEMAND FOR JURY

Plaintiff further demands a trial by jury on all issues so triable as a matter of right by jury.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing has been served via U.S. Mail to Richard S. Otruba, Assistant City Attorney, Julie O. Bru, City Attorney, 444 S.W. 2nd Avenue, Suite 945, Miami, Florida 33130-1910, The Related Group of Florida, 315 S. Biscayne Blvd., 3rd Floor, Miami, FL 33131, Corporation Company of Miami as registered agent for Brickell City Center LLC, 201 S. Biscayne Blvd., Suite 1500 (KDC), Miami, FL 33131 and Thomas Duarte as registered agent for Duarte & Fonte Construction, Inc., 8190 West 26 Avenue, Miami, FL 33016 on this _____ day of _____, 2009.

TOPKIN & EGNER, P.L.
Attorney for Plaintiff
1166 W. Newport Center Dr., Suite 309
Deerfield Beach, FL 33442
Phone (954) 422-8422
Fax: (954) 422-5455

BY: _____
MARK A. EGNER, ESQ.
FBN: 0576743

## Civil Remedy Notice of Insurer Violations

Filing Number:    281052

Filing Accepted:   3/6/2015

Warning! Information submitted as part of this civil remedy notice is a public record. Data entered into this form will be displayed on the DFS website for public review. Please DO NOT enter Social Security Numbers, personal medical information, personal financial information or any other information you do not want available for public review.

☑ The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes.

### Complainant

| | |
|---|---|
| Name: | CITY OF MIAMI |
| Street Address: | 444 SW 2ND AVE |
| City, State Zip: | MIAMI, FL  33130 |
| Email Address: | |
| Complainant Type: | Third Party |

### Insured

| | |
|---|---|
| Name: | DUARTE & FONTE CONSTRUCTION, INC. |
| Policy #: | 503B005352 |
| Claim #: | X |

### Attorney

| | |
|---|---|
| Name: | OTRUBA |
| Street Address: | 444 SW 2ND AVE |
| City, State Zip: | MIAMI, FL  33130 |
| Email Address: | |

### Notice Against

| | |
|---|---|
| Insurer Type: | Authorized Insurer |
| Name: | BURLINGTON INSURANCE COMPANY (THE) |
| Street Address: | |
| City, State Zip: | , |

Please identify the person or persons representing the insurer who are most responsible for/knowledgeable of the facts giving rise to the allegations in this notice.

Type of Insurance:    COMMERCIAL GENERAL LIABILITY

DFS-10-363
Rev. 11/2007

EXHIBIT B

## Civil Remedy Notice of Insurer Violations

Filing Number: **281052**

### Reason for Notice

Reasons for Notice:

Unresponsive Toward Claim

PURSUANT TO SECTION 624.155, F.S. please indicate all statutory provisions alleged to have been violated.

| | |
|---|---|
| 624.155(1)(b)(1) | Not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests. |
| 624.155(1)(b)(2) | Making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which payments are being made. |
| 624.155(1)(b)(3) | Except as to liability coverages, failing to promptly settle claims, when the obligation to settle a claim has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage. |

Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy language if the authorized insurer has not provided a copy of the policy to the third party claimant pursuant to written request.

The City of Miami is named as an additional insured, for commercial liability, including bodily injury, pursuant to THE BURLINGTON INSURANCE COMPANY Policy No.503B005352.

To enable the insurer to investigate and resolve your claim, describe the facts and circumstances giving rise to the insurer's violation as you understand them at this time.

THE BURLINGTON INSURANCE COMPANY has been unresponsive to the City of Miami being named as an additional insured party on multiple occasions. THE BURLINGTON INSURANCE COMPANY has neither accepted nor denied liability and has failed to assure the defense of the City of Miami as required by the Policy No.503B005352. THE BURLINGTON INSURANCE COMPANY has been unresponsive to the City of Miami's demands regarding (i) a separate party carrier; (ii) a named co-defendant party to a lawsuit; and (iii) a claim number.

### Comments

| User Id | Date Added | Comment |
|---------|-----------|---------|
| | | |

DFS-10-363
Rev. 11/2007